Good morning, Your Honors. My name is Frank Lozano. I represent the appellates, the clerks. This case is an issue of whether or not the Strands had standing in order to do a motion to reopen a closed bankruptcy. It was our opinion that the bankruptcy court actually ruled appropriately because the underlying claim that the Strands had was essentially statute barred by their litigation in the state court. If the court recalls, in this particular instance, the Strands sought relief from Stagg from the bankruptcy court originally to litigate their claim. They did so for a number of years. And how is the state court litigation concluded? Included in what? Concluded. How did it finish? It was concluded by a 581 dismissal. What's 581? I'm not a California lawyer. It's a dismissal without prejudice, right? Correct. So how does that terminate any claim? If it's a dismissal without prejudice, by definition it doesn't terminate a claim. Fair enough. But the Hill case that we cited says, for example, if you claim that I breached a contract in 2000 and you litigate that case and file it in 2003 and dismiss your case in 2008 by way of dismissal on the 581 without prejudice, the Hill case says that does not prevent or allow you to then refile because the statute of limitations that bars it. That's fine. But has there been any adjudication of the limitations period? You're arguing for it, but nobody seems to have adjudicated that. Well, the question becomes, is a 20-year-old claim that they claim in their verified complaint in the state court that they claim breached 20 years ago. I'm asking the same question. Has anybody adjudicated the litigation, the limitations issue? The answer is no. No, the answer is no. No. So how are we at the court of appeals level supposed to take up this affirmative defense in the first instance? I don't think it's affirmative defense, Your Honor. I think it's a standing issue. I think the trial court has. Limitation is a standing issue? Yes. Okay. Even if that's true. So what? How do we take up that issue at the court of appeals level? Well, at the court of appeals level, Your Honor, under the APLEX case, APLEX computer case, which is a 10-circuit court of appeals case, they stated whether or not you can file a motion to reopen, you have to first show that you have standing. In order to show that you have standing, you have to show that you're a creditor or that you're a party in interest. These people, therefore, you must look at whether or not they have some sort of claim to ask to be reopened. That's the question. Is there a claim? Correct. Now, if whatever claim they have has been dismissed without prejudice, then there is a claim. You may have another defense to the claim, but that's a claim. Standing is not your best argument. Huh? Standing is really not your best argument. I also think, Your Honor, that there's a laches component to this as well. And under the Kenning case that we cited, the bankruptcy trial court has the option to deny the motion to reopen on the basis of laches. We presented that court with 14 categories in which the strands would not be able to prove their claim at all or that they're delaying in bringing the claim since they had the opportunity to litigate it at the state court level and dismiss. How do you get around the Stanford case, which says the bankruptcy court essentially must open the case and cannot dispose of a laches or statute of limitations defense until it does? And Stanford's only one of the cases in the circuit that seem to say that.  But the Eighth Circuit Court of Appeals case says we have the motion. But we're the Ninth Circuit. Fair enough. The analogy is this, Your Honor, that the court is not mandatory. The statute itself says the case may be reopened. And in order to say whether or not it may be reopened, it has to look at the standing of the party. And one of the issues is, under the Kennan case, is do they have laches enough to bring it in first instance? I'll reserve your honor. You may. And we'll hear from the police. May it please the Court, Chris Gauci for the strands, Martin and Gabriel, the strands. I don't have a particular presentation and I don't. What's the point of this litigation, really? Why are we here? There's two problems. There's a partnership agreement that exists or what I call a partnership agreement. And that agreement, plus a notice of lien, create a lien, which I allege is attached to partnership property. The partnership property, which is this house, the house was listed in the debtors of bankruptcy, but not a partnership interest. So to the extent that I could prove there was a partnership and there's a partnership interest, then the bankruptcy estate is going to have an interest in it. And I can't get anything in the state court that will resolve the bankruptcy estate's interest in it. So I have to go to bankruptcy. Let's suppose you had continued on the eve of trial instead of dismissing. Let's suppose you had continued to trial and you won a judgment against the debtors. It should have been the trustee. You never amended to bring in the trustee, but you would have gotten a judgment against the debtors. Right. You then go over to the county court's office. You file that on the title, extinguishing the debtors' interest in the property. Right. What happens then? If they want relief, they've got to go to the bankruptcy court and seek to reopen it, right? No, I have to go to the bankruptcy court and adjudicate what interest, if any, the bankruptcy estate has through a bankruptcy trustee. But there's nothing on the title to show that it has any interest at that point. Someone would have to do something to assert a bankruptcy interest. Right? Well, let me think about it. I'm not sure of that, but it seems to me that's the problem. In reality, my position is the bankruptcy estate has an interest in a hidden, concealed asset. If that's discovered, and I'm trying to get a specific answer to your question, but if that's discovered, let's say my client gets the house sold and owns it himself, he can't go get a loan. He's got a clouded title. Now I'm really lost. What's the hidden, concealed asset? Okay. This is what happened. The bankruptcy in 2000, the Clarks filed bankruptcy. They did not list or schedule any partnership interest. None. Well, the partnership interest was really, I mean, that wasn't an asset for them. That's an effort by your client to say that your client had a piece of the house which they did list. I mean, where are the Clarks hiding anything in terms of an asset? Well, let me explain it this way. At least I got the bankruptcy appellate panel to agree with me that to the extent that there was a partnership, it was an asset that was not listed, and the Clarks no longer had ownership. An asset or a liability that was not listed? What? Was it an asset or was it a liability? An asset. A hidden asset. A partnership interest of uncertain value, we can call it. Well, it could be determined if I ever got into a court that would determine it. A partnership interest in an asset that was, in fact, itself listed. I mean, the house was listed, right? The house was listed. The partnership interest was not listed. There is an argument that even though the house was listed, the house was not owned by the debtors. It was owned by the partnership. Okay? And there's a second thing that was not listed. That is the cross claims for slander of title arising from a 1999 recorded lien, which is also an asset, which is a cause of action which was not listed. So the second part, which has to do with why I want to get back into court, is I don't want the Clarks to continue to sue my clients for slander of title. Have they ever sued your client? What? Have they sued your client? Yes. For slander of title? Yeah. They cross complained. Okay. Have they initiated a lawsuit? This is what happened. Don't answer. My clients found out five years after the bankruptcy was filed that a bankruptcy had been filed. So they found out after they sued the Clarks to dissolve the partnership and for declaratory relief. The Clarks defended saying bankruptcy, stay. It's the discharge injunction under 524. You can't sue us. But by that time, they'd also filed a cross complaint for slander of title based on a 1999 lien, notice of lien that was recorded prior to the bankruptcy. That your clients had recorded. My clients had recorded. So they're suing my clients on an asset, the cause of action that they didn't disclose. I don't want them to get sued because they don't have standard to pursue that. That's owned by the trustee. With all due respect, you may be too smart for your own good. The fact of the matter is these things you're talking about, once the state court action was dismissed, were potential theoretical things that might happen. Maybe a lender would say, oh, there was this bankruptcy interest, but you'd show that you have a state court judgment extinguishing the debtor's interest. So maybe you could run into a problem, but instead you insisted on bringing the problem forth. And that's because you brought it rather slowly instead of when you found out the debtors were in bankruptcy and immediately seeking to bring the bankruptcy trustee into the state court action, which is what should have been done. You're going to have a laches problem no matter what we do here. Right? Well, I can't. We tell the bankruptcy court to reopen. It reopens. What do you think it's going to do? I think that I'm going to be allowed to file a complaint, and that complaint is going to ask that the nature, extent, and validity of a lien that is on a state property be determined. So at least I'll get a ruling out of that. I think that if the bankruptcy estate determines it has an interest in property, that it may choose to go ahead and liquidate that property and distribute it to creditors of which my client is only one. And I think that I'm going to get an order that says that it's the bankruptcy trustee, not the clerks that have standing that own any causes of action against my client. That's what you want. But hasn't the bankruptcy court already told you that when you seek that relief, it's going to find that you've waited too long to seek it? That was the indication from Judge Kaufman at when she ruled. But I said, how can you rule if I haven't filed anything? Well, what more will you put? You had the motion to reopen. What more are you going to put in front of the bankruptcy court than what you put on that motion to get around the latches problem? There hasn't been a ruling on the latches. She ruled on it. Well, maybe she's trying to give you a suggestion early on that apparently didn't sink in, that you are pushing a rock up a very high hill, and you're not likely to make it to the top of that hill. I understand that. But when I'm faced with State courts who say that Mr. Lozoya's clients can sue, and I have to defend and say they can't sue because they don't own it in State court, who is not that real. Do you think your clients are at risk of a suit if your clients aren't pursuing the Clarks? Well, at this point, this case has gone on quite a long time. It's become a cottage industry. Occasionally we have cases where parties have been fighting so long they don't know how not to. But I've got to say, on both sides, I have difficulty seeing where there's going to be a recovery that justifies the time and effort that's going into it. Well, I certainly communicate that information to my clients who are now in their 70s. And I always try to explain to them the expansive nature of litigation and the emotional and financial costs. Of course we would like to resolve the matter. But I won in the bankruptcy appellate panel. I was going to go back and maybe I would have got blown out of the water on a motion after I filed when I wanted to file. And the Clarks decided to appeal it to the Ninth Circuit. So before I retire from law, I finally made it this far. So that's all I have. I think I could get rulings I need. But obviously protecting my clients from getting sued is a major concern. If that could be accomplished, fine. I'd recommend they take that. But I've got clients telling me what to do. Wouldn't your clients be better off actually getting sued? Then you could go to the bankruptcy court and say, look what's going on here. Then you'd have a motion to reopen. Right now you've got a theoretical risk. Yes, but they're still unhappy that they sold a house and never it was never paid for and they think they have a lien. Well, so sometimes you can't get what you want. That's words to live by. With luck, they'll get what they need. So I'm, you know, I'm here. I probably would have had a hand one way or the other earlier had we went directly to the bankruptcy court. I practiced bankruptcy law for thirty nine years now. It's that there are reservations that state court judges have about ruling on anything that has to do with bankruptcy matters. And I believe that I would have a more complete and final result if I simply was able to reopen and have a bankruptcy judge make the ruling. We appreciate your argument. All right. Well, here. Roboto. Can't you just get the bankruptcy trustee and your clients to give them a release of any interest in the property and then the whole thing's over? Do your clients really want to think they have an interest in the property? Well, they paid for it, Your Honor. They took out a conventional loan and paid his clients over $150,000. So for counsel to say that they weren't paid, they were paid. They received good cash money and threw an escrow for the conventional loan and were paid. What they want to do is take an interest back on a 20 plus year old partnership that they had an opportunity to litigate. The theme I heard from counsel, and I kind of want to make this clear, Your Honor, is in our appendix you're going to see on October 4th, 2007, relief from stay order. He states that they didn't have an opportunity to litigate the partnership claims. And that he went back to bankruptcy court because the state court wasn't going to allow it. It was his motion for relief from stay where he states, and he drafted the order, that the partnership assets would be litigated. So if you look at the Apex oil case, it says if you had an opportunity to litigate those issues that you're now seeking to reopen in state court, you are prohibited on a motion to reopen to come back and forum shop in federal court if you don't like potentially the result in the state court. Was that what you think was happening here, the voluntary dismissal was taken because he thought he was going to lose in state court? Or was it, as I think he's saying, the fact that he would get an ineffectual judgment in state court because it would only be against the debtors, not the trustee? He's given, we've given notice to the trustee all along, and all you have to do, Your Honor, is give notice to the trustee. A trustee at no time has ever gotten involved in this case for the purpose of determining whether or not there was an asset. Moreover, the logic that he's using is a fallacy because it's based on an assumption that there is an actual lien or a partnership agreement. You take all that away, there is no hidden asset, there's no asset to adjudicate, there is nothing. And they had their opportunity in state court to litigate that. What was going to happen, if you look at the attachments that we presented to the court on the motion in opposition to the motion to reopen, was that we showed that even on summary judgment at the state court level, they couldn't even make a prima facie case out for their claim. Not even a prima facie case. They couldn't even meet the elements. There was a factual issue. Your clients didn't get summary judgment either. We didn't ask for summary judgment. We wanted to try the case because we knew. There were fact issues. Well, we knew that they were statute bound from the very beginning. They had no claim. What they did is they went down after a lawsuit was filed, and if you saw, they put a blank trustee in there and said, this is what the trustee would look like. And therefore, based upon this aberration of a trustee, that's not a sign that we bought at Savons. We want to impress a lien on the property. On the issue of risk, Your Honor, because the bankruptcy court granted relief from stay, and all issues were litigated in the state court case, once they dismissed their complaint, and it was therefore statute bound, we dismissed our cross-complaint. It was over. Litigation was completely over. We had no idea that they were going to forum shop and run to reopen, leading to us having our next conversation this afternoon. So the issue is they had their opportunity. More importantly is I think the court is right. What if the court was to uphold the bankruptcy appellate panel? We go back down there. We litigate it for another ten years, and the same conclusions could be the same. They will never be able to prove a lien. Under CCP section 1109, they don't get a lien. They get an equity interest that does not survive the bankruptcy. But Stafford says we should not conflate the merits with the reopening of the case. Well, to some extent, I agree with Stafford on the latches issue, but the other cases state that you have to first determine do they have standing in order to determine if they have standing, you have to determine whether they're a creditor or party in interest. In order to determine if they're a party in interest, you have to determine what interest do they have. In order to determine what interest they have, you have to look at the underlying liability. Well, we don't try liability. That's sort of the whole point of Stafford. So I hear where you're going, but I think it's a death spiral. You might try offering a release of whatever cross-claim your client is supposed to have to see if it helps to lead to a conclusion. Otherwise, you're stuck with each other. Unless you agree with me, Your Honor. We thank you. We thank both counsel for your arguments. The case just argued is submitted.
judges: Cogan, Schroeder, Clifton